DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 2023-cr-0016 |
| | ) |
| ENOCK COLE and JIOVONI SMITH, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
    *For the United States*

**Raul E. Bandas, Esq.**
**Jessica Earl, Esq.**
**Celso Perez, Esq.**
San Juan, P.R.
**Gary Proctor, Esq.**
Baltimore, MD
    *For Defendant Cole*

**Juan F. Matos-de Juan, Esq.**
San Juan, P.R.
**Teri L. Thompson, Esq.**
Snellville, GA
    *For Defendant Smith*

## MEMORANDUM OPINION AND ORDER

**Lewis, Senior District Judge**

**THIS MATTER** comes before the Court, *sua sponte*, on the trial in this matter scheduled for **September 8, 2025**; the Government's "Non-Capital Notice" ("No-Seek Notice") (Dkt. No. 44) filed on March 1, 2024 advising that the Government will not seek the death penalty in this case; the Government's representation in a motion filed on March 26, 2025 that the Government is reviewing its decision not to seek the death penalty in this case (Dkt. No. 125 at 2); and the Government's representation at a status conference on June 27, 2025 that counsel for the

Government is unable to state when a decision on the Government's review of the death penalty issue will be made. In view of the uncertainty injected into these proceedings by the Government's apparent indecisiveness on this critical issue of whether the death penalty will be sought in this case, and the fast-approaching trial date, the instant Memorandum Opinion and Order shall govern further proceedings regarding filings and briefings necessitated by the Government's decision-making process on the death penalty issue.

## I. BACKGROUND

On November 13, 2023, Defendants Enock Cole and Jiovoni Smith ("Defendants") were charged by Information with six counts related to a robbery and homicide that occurred at the Castaways bar and restaurant on St. Croix, Virgin Islands. (Dkt. No. 1). On January 23, 2024, an Indictment was filed charging Defendants with seven counts. (Dkt. No 8). Count Three of both the Information and the Indictment charges Defendants with use of a firearm during a crime of violence resulting in death, pursuant to 18 U.S.C. § 924(j)(1). (Dkt. Nos. 1, 8). Section 924(j)(1) states that "[a] person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall . . . if the killing is a murder [], be punished by death or by imprisonment for any term of years or for life." This statute is therefore a capital-eligible statute.

On February 1, 2024, at the Initial Appearance and Arraignment Hearing, Magistrate Judge Emile A. Henderson III asked the Government whether it would be seeking the death penalty in this case. On February 5, 2024, the Government filed a notice informing the Court and Defendants that the Department of Justice's Capital Crimes Section was conducting a review of the case for the purpose of making "the final decision whether to seek the death penalty." (Dkt. No. 34 at 1). The Government requested a thirty-day period of time to conduct such a review. *Id.* On

February 7, 2024, the Government sought an extension of its deadline to provide such notice. (Dkt. No. 36 at 1). Magistrate Judge Henderson granted the Government's request and extended the deadline to March 7, 2024. (Dkt. No. 37).

On February 16, 2024, Defendant Smith moved for the appointment of Learned Counsel in a capital case (Dkt. No. 42), and on February 20, 2024, Magistrate Judge Henderson appointed Learned Counsel for Defendant Smith (Dkt. No. 43). Then, on March 1, 2024, the Government filed a No-Seek Notice, informing the Court and Defendants that it does not intend to seek the death penalty for either Defendant. (Dkt. No. 44). Accordingly, on March 4, 2024, Magistrate Judge Henderson terminated the appointment of Learned Counsel for Defendant Smith. (Dkt. No. 45).

A trial date of April 29, 2024 was set on March 11, 2024. This trial date was continued five times, at the request of either Defendants or the Government, due to scheduling conflicts and for resolution of evidentiary issues. (Dkt. Nos. 62, 71, 80, 86, 129). The fifth and final continuance was granted upon the Government's request—made on March 20, 2025—and was unopposed by Defendants. (Dkt. Nos. 122, 129). Despite the Government's request to move the trial then scheduled to commence on May 5, 2025 to "the third or fourth week of June," Magistrate Judge Henderson entered an Order on March 27, 2025 setting a trial date of September 8, 2025 based on the Court's schedule and the agreement of the parties during an informal conference held on March 20, 2025. (Dkt. No. 129 at 1).

On March 26, 2025, the Government requested a stay of all proceedings for 120 days "in order to permit the Attorney General's Capital Review Committee to review the no-seek decision" that had been filed over a year previously. (Dkt. No. 125 at 2). The Government represented that, pursuant to the Attorney General's February 5, 2025 Memorandum "Reviving the Death Penalty

3

and Lifting the Moratorium on Federal Executions," the Government was reviewing "all Department decisions to refrain from seeking the death penalty in death-eligible cases since January 20, 2021." *Id.* at 1-2.  By Order entered on April 2, 2025, Magistrate Judge Henderson denied the Government's motion for a stay because the Court was "not prepared to stay any remaining discovery and other possible motions while the Government once again makes up its mind as to whether to seek the death penalty in this case." (Dkt. No. 133 at 5-6).  In the Order, the Magistrate Judge noted that counsel for Defendants did not oppose the Government's request for a continuance of the trial that was filed days prior to the Government's request for a stay of all proceedings because they believed the reasons set forth by the Government were offered in good faith, and did not believe that they were exposing their clients to the risk of capital punishment by not opposing the requested continuance.  *Id.* at 3.  Magistrate Judge Henderson subsequently appointed Learned Counsel for Defendants.  (Dkt. Nos. 139, 140).

At a status conference on June 27, 2025 before Magistrate Judge Henderson, counsel for Defendants represented that they had a meeting with the Capital Review Committee on June 25, 2025.  However, the Government was unable to make any representation regarding when it would make a decision on its intent to seek the death penalty—leaving open the possibility for the decision to be made as late as the day of the start of trial on September 8, 2025.  This degree of uncertainty by the Government that remains at this late stage of the proceedings has prompted the Court to take the action reflected in the instant Memorandum Opinion and Order.

## II.   DISCUSSION

Pursuant to 18 U.S.C. § 3593(a), in a capital-eligible case, if "the attorney for the government believes that the circumstances of the offense are such that a sentence of death is justified . . . the attorney shall, a reasonable time before the trial . . . sign and file with the court,

4

and serve on the defendant, a notice . . . stating that the government believes that the circumstances of the offense are such that, if the defendant is convicted, a sentence of death is justified . . . and that the government will seek the sentence of death." Such a notice is termed a "Section 3593 Notice" or a "Death Notice." The Section 3593 Notice must "set[] forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death." 18 U.S.C. § 3593(a)(2). A timely Section 3593 Notice is mandatory. *See, e.g.*, *United States v. Ferebe*, 332 F.3d 722, 732 (4th Cir. 2003) ("Because an accused is assured by section 3593(a) that, a reasonable time before trial, he will receive adequate notice that he is to be tried for [a] capital offense, and consequently that he will not be required to stand trial for such offense absent that notice, his rights are denied at the point when he proceeds toward trial, or actually to trial, in the absence of a reasonable time between his receipt of the Death Notice and his capital trial."); *United States v. Slone*, 969 F.Supp.2d 830, 838 (E.D. Ky. 2013) ("A defendant is *legally entitled* not to stand trial for his life unless the government files [a Section 3593] notice 'a reasonable time before the trial.'" (emphasis in original)); *United States v. Tsarnaev*, 2013 WL 5701582 at *2 (D. Mass. Oct. 18, 2013) ("[T]he government must file a notice of its election to seek or not to seek the death penalty 'a reasonable time before the trial[.]'").

District Courts possess a "broad, inherent power to control their dockets, to manage cases effectively, and to ensure obedience to their orders." *United States v. Dangleben*, 2025 WL 1423842 at *4 (D.V.I. May 16, 2025) (internal quotations omitted). This power "extends to setting and enforcing deadlines, including a deadline for filing a Section 3593 notice" or requiring "[a] notice to be filed by the government in the event it elects not to seek the death penalty." *Id.*; *see also United States v. Crusius*, 2020 WL 4340550 at *7 (W.D. Tex. July 28, 2020) ("[S]ection 3593(a) grants courts the authority to schedule the deadline for the Notice of Intent to achieve the

5

statute's purpose[.]"); *United States v. Rivas-Moreiera*, 2023 WL 11960650 at *1 (E.D. Tex. Oct. 7, 2023) ("[T]he court has the inherent power to manage its own docket, including the timing of the Government's filing of its notice of intent to seek the death penalty under 18 U.S.C. § 3593(a)."); *United States v. Spurlock*, 2025 WL 1360499 at *11 (D. Nev. May 9, 2025) ("Setting a death-notice deadline is standard practice for good reason: the deadline is integral to the court's ability to manage its docket and to determine other pretrial matters without protracted uncertainty, as well as to ensure that defendants' rights are protected."); *United States v. McGill*, 2010 WL 1571200 at *3 (S.D. Cal. Apr. 16, 2010) ("Courts routinely establish an outside date by which . . . the government must file its notice . . . that it will seek the death penalty or notify the court and defendant that it will not."); *United States v. Yandell*, 2023 WL 12087482 at *4 (E.D. Cal. Oct. 18, 2023) ("Even without this extensive persuasive authority, this court would have little difficulty concluding it has properly exercised its authority to set a deadline for the government to disclose whether it will seek the death penalty."); *United States v. Martinez*, 2012 WL 4033341 at *3 (W.D.N.Y. Sept. 12, 2012) ("[T]he Court finds that the setting of a deadline for the notification of whether the government will seek the death penalty is more than reasonable."); *Tsarnaev*, 2013 WL 5701582 at *2 ("[T]he Court may set a date by which the government must file [a] notice [of its election to seek or not to seek the death penalty].").

Districts Courts also possess the ability to enforce deadlines set by the Court, including deadlines related to Section 3593 Notices. *See, e.g.*, *United States v. Diaz Hernandez*, 265 F.Supp.3d 639, 639-40 (D. Md. 2017) ("The Court has the inherent authority to set such a deadline [for the Government to provide notice of its intention to seek the death penalty pursuant to 18 U.S.C. § 3593(a)] and to enforce it, as it will surely do in this case."); *United States v. Ball*, 2006 WL 8570266 at *2 (D.D.C. Oct. 19, 2006) ("To hold that a court cannot fix <u>and</u> enforce such

6

pretrial deadlines [including a deadline for a notice of intent to seek the death penalty] would undermine the orderly, expeditious and fair administration of criminal justice in ways difficult to fully imagine." (emphasis in original)); *Tsarnaev*, 2013 WL 5701582 at *2 ("Setting of timelines for court events [such as a Section 3593 Notice] may, in some circumstances, compel a party to adjust its own timelines so as to be in compliance with the court's dates[.]").

Magistrate Judge Henderson set a deadline for the filing of a Section 3593 Notice when he issued his February 7, 2024 Order stating: "[t]he United States shall have up to and including March 7, 2024 to serve its Notice concerning whether the United States intends to seek the death penalty in this matter." (Dkt. No. 37 at 2). In compliance with this deadline, the Government filed a "Non-Capital Notice" on March 1, 2024, stating that "[t]he United States intends to proceed with either a non-capital trial or plea agreements in this matter and **will not** seek the death penalty for either Enock Cole or Jiovoni Smith in this case. Thus, a special hearing to determine whether a sentence of death is justified pursuant to 18 U.S.C. § 3593(a) is not requested." (Dkt. No. 44 at 1 (emphasis in original)). Indeed, this case proceeded for over one year—from March 1, 2024 to March 26, 2025—based on the Government's representation that the death penalty could not be sought for either Defendant.

Then, in a filing on March 26, 2025, the Government advised the Court and Defendants that it was reviewing its No-Seek Notice. (Dkt. No. 125 at 2). And, as recently as June 27, 2025 at a status conference before Magistrate Judge Henderson, the Government was unable to make any representation regarding when it would make a decision on its intent to seek the death penalty—leaving open the possibility for the decision to be made as late as September 8, 2025, the day on which trial commences. Thus, approximately three and a half months after the Government announced that it would be reviewing its No-Seek Notice, and less than a mere two months before

7

the scheduled trial, a decision by the Government as to whether it will be seeking the death penalty in this case remains outstanding. Such "protracted uncertainty" is antithetical to "the court's ability to manage its docket and to determine other pretrial matters," and threatens to impair the orderly progress of these proceedings. *Spurlock*, 2025 WL 1360499 at *11 ("Because the death penalty implicates unique procedural and constitutional requirements, including a separate penalty trial phase, the government's decision to pursue capital punishment triggers resource-intensive processes in practically every arena of trial preparation – from appointment of counsel to motion practice to jury selection to qualification of experts.").

In view of the foregoing, the Court will set a deadline by which the Government must apprise the Court and Defendants of the position that it now intends to take on whether it will be seeking the death penalty in this case, having represented that it is reviewing its earlier No-Seek Notice. In the event that the Government reverses its earlier position by now expressing its intent to seek the death penalty against either or both Defendants, the parties shall brief the relevant issues in accordance with the schedule set forth in the accompanying Order.

The Court emphasizes that the instant Memorandum Opinion and Order makes no decision regarding any substantive issues related to the Government's Section 3593 Notice, including but not limited to whether a Section 3593 Notice made at this point in the case would be timely, legally permissible following a No-Seek Notice, or within "a reasonable time before the trial" as required under 18 U.S.C. § 3953(a). Any such rulings, if necessary, will await briefing by the parties as set forth in the accompanying Order.

## ORDER

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Government shall have up to and including **July 18, 2025** within

8

which to submit a filing with the Court pursuant to 18 U.S.C. § 3593(a), which states the position that the Government now seeks to take on whether it is pursuing the death penalty in this case; and it is further

**ORDERED** that, if the Government expresses an intent to pursue the death penalty against either or both Defendants, the filing of the Section 3593 Notice shall be accompanied by a legal memorandum that sets forth with specificity, the factual and legal bases for the Government's position on the following:

(1) Whether the Government's Section 3593 Notice is timely as it relates to the March 7, 2024 deadline set by the Magistrate Judge;

(2) Whether the Section 3593 Notice fulfills all requirements under 18 U.S.C. § 3593, including service within "a reasonable time before the trial";

(3) Whether the Government is legally empowered to reverse a "No-Seek Notice" to a "Seek Notice"; and

(4) Whether the reversal of the "No-Seek Notice" to a "Seek Notice" in this case would be justified under the circumstances here, given the proximity to trial and the time period during which the case proceeded under the No-Seek Notice;

and it is further

**ORDERED** that, if the Government files a Section 3593 Notice expressing an intent to pursue the death penalty, Defendants shall have up to and including **July 25, 2025** within which to file their response(s). Any filing shall set forth with specificity Defendants' positions, including the factual and legal bases therefor; and it is further

**ORDERED** that, if the Government files a Section 3593 Notice expressing an intent to pursue the death penalty and Defendants file a response(s), the Government shall have up to and including **August 1, 2025** within which to file any reply.

**SO ORDERED.**

Dated: July 11, 2025 _____/s/_____
WILMA A. LEWIS
Senior District Judge