**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2023-cr-0016 |
| ) | |
| ENOCK COLE and JIOVONI SMITH, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
**Denise George, Esq.**
St. Thomas, U.S.V.I.
    *For the United States*

**Raul E. Bandas, Esq.**
**Jessica Earl, Esq.**
**Celso Perez, Esq.**
San Juan, P.R.
**Gary Proctor, Esq.**
Baltimore, MD
    *For Defendant Cole*

**Juan F. Matos-de Juan, Esq.**
San Juan, P.R.
**Teri L. Thompson, Esq.**
Snellville, GA
    *For Defendant Smith*

## MEMORANDUM OPINION AND ORDER

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Defendant Enock Cole's ("Defendant") "Motion for Leave to File Additional Motions" ("Motion") (Dkt. No. 196); the Government's "Opposition to Motion for Leave to File Additional Motions" ("Opposition") (Dkt. No. 209); and the oral arguments at the Hearing on August 13, 2025. This Memorandum Opinion and Order memorializes rulings from the bench at the August 13th Hearing.

In his Motion, Defendant seeks—allegedly pursuant to his right to present a defense and his right to effective counsel—to "preserve his right to file pretrial[] motions . . . related to discovery undisclosed or pending opinions from the Court" which "may prompt additional need for other pretrial motions or re-thinking tactical decisions that have been made not to file certain motions." (Dkt. No. 196 at 1-2). The Government opposes this Motion on the grounds that it is not a motion *in limine* and therefore filed outside of the motions deadline; and that any additional motions filed "will probably require days of hearing." (Dkt. No. 209 at 1). Instead, the Government advocates that "[i]f the defendant wants a motion to continue, he should file said motion to continue." *Id.*

At the Initial Appearance and Arraignment Hearing for Defendant Enock Cole held before Magistrate Judge Emile A. Henderson III on March 11, 2024, the Magistrate Judge set a deadline for pretrial motions in the instant matter of April 1, 2024. *See* Fed. R. Crim. Pro. 12(c)(1) ("The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing."). As the deadline for pretrial motions has passed, such motions are now untimely. A court *may*—but need not—consider an untimely motion upon a showing of good cause. Fed. R. Crim. P. 12(c)(3); *see also United States v. Rabbitt*, 2024 WL 4041912 at *11 (D.N.J. Sept. 4, 2024) ("Should Defendants or the Government seek to file any additional motions, the respective party is directed to immediately seek leave of Court and provide good cause as to why filing of the respective motion should be granted. The Court will consider the request at that time.").

While the Court acknowledges that certain limited circumstances—such as untimely filed discovery by the Government or the Court's pending ruling on the Government's death penalty notice—may constitute good cause for the filing of a motion at this late stage of the proceedings,

2

Defendant's request for carte blanche authority to file additional motions—including for "re-thinking tactical decisions"—is rejected by the Court. To accommodate potentially appropriate motions, the Court will require each motion to be accompanied by a separate motion seeking leave to file the motion, which identifies the good cause for filing the motion at the given time. The Court *may* choose to consider such untimely motions based upon the showing of good cause.

## ORDER

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant Enock Cole's "Motion for Leave to File Additional Motions" (Dkt. No. 196) is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that the parties are granted leave to file additional motions only with leave of Court; and it is further

**ORDERED** that any additional motions shall be accompanied by a separate motion seeking leave to file the additional motion which sets forth the good cause that justifies the filing out of time; and it is further

**ORDERED** that any party seeking leave to file an additional motion must set forth, with specificity in the motion all relevant details—including, for example, for untimely discovery, the date of disclosure of any relevant discovery and specific descriptions of the relevant discovery; and it is further

**ORDERED** that the "Motion for Leave to File Additional Motions" (Dkt. No. 196) is otherwise **DENIED**.

**SO ORDERED.**

Dated: September 2, 2025 _____/s/_____
WILMA A. LEWIS
Senior District Judge