**DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Criminal No. 2023-cr-0016 |
| ) | |
| **ENOCK COLE and JIOVONI SMITH,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
**Denise George, Esq.**
St. Thomas, U.S.V.I.
 *For the United States*

**Raul E. Bandas, Esq.**
**Jessica Earl, Esq.**
**Celso Perez, Esq.**
San Juan, P.R.
**Gary Proctor, Esq.**
Baltimore, MD
 *For Defendant Cole*

**Juan F. Matos-de Juan, Esq.**
San Juan, P.R.
**Teri L. Thompson, Esq.**
Snellville, GA
 *For Defendant Smith*

## MEMORANDUM OPINION AND ORDER

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Defendant Enock Cole's ("Defendant") "Motion for Order Requiring the Government to Comply with Rule 12(b)(4)" ("Motion") (Dkt. No. 189); the Government's "Opp[]osition to Defendant's Motion for Order Requiring the Government to Comply with Rule 12(b)(4)" ("Opposition") (Dkt. No. 201); and the oral arguments

at the Hearing on August 13, 2025. This Memorandum Opinion and Order memorializes rulings from the bench at the August 13th Hearing.

In his Motion, Defendant requests that the Court "enter an Order requiring the Government to identify, no later than close of business on August 6, 2025, the specific evidence it intends to use in its case-in-chief at trial, pursuant to Rule 12(b)(4)(B)." (Dkt. No. 189 at 4). Defendant further asks that this designation include, but not be limited to "all documents, physical evidence, photographs, jail calls, electronic data, and statements [the Government] intends to introduce at trial." *Id.* The Government opposes this Motion on the grounds that it is not a motion *in limine* and is therefore filed outside the motions deadline date; and that Defendant's request for designation of evidence under Rule 12(b)(4)(B) is "unwarranted" because of Rule 12(b)(4)(B)'s limited applicability to only evidence that may be subject to a motion to suppress. (Dkt. No. 201 at 2-3).

Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure states that, at the defendant's request, "[a]t the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." At the Initial Appearance and Arraignment Hearing for Defendant Cole held before Magistrate Judge Emile A. Henderson III on March 11, 2024, the Magistrate Judge set a deadline for pretrial motions in the instant matter of April 1, 2024. *See* Fed. R. Crim. P. 12(c)(1) ("The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing."). Thus, the deadline for pretrial motions, including motions seeking the suppression of evidence under Rule 12(b)(3)(C), has long passed. Given that Rule 12(b)(4)(B) is designed to facilitate the filing

of a motion to suppress, and the pretrial motions deadline in this case has passed, the Court finds that Rule 12(b)(4)(B) is not the proper authority under which to seek disclosure of a list of trial exhibits. *See, e.g.*, *United States v. Ishak*, 277 F.R.D. 156, 158-59 (E.D. Va. 2011) (holding that defendants are only entitled to notice under Rule 12(b)(4)(B) where such notice would "provide the defendant with sufficient information to file the necessary suppression motions" and defendants identify "with specificity" potentially suppressive evidence which triggers the Government's obligation to respond); *United States v. Li*, 2017 WL 590275 at *5 (M.D. Pa. Feb. 14, 2017) (denying a motion under Rule 12(b)(4)(B) because "[d]efendant has not identified 'potentially suppressive evidence with specificity,' as is required to 'trigger a notice obligation' under the Rule.").

However, even given the inapplicability of Rule 12(b)(4)(B) in the present context and even absent a defendant's *entitlement* to pretrial disclosure of an exhibit list, a court can order such disclosure in its discretion. *See, e.g.*, *United States v. Overton*, 2024 WL 1973514 at *6 (W.D. Pa. May 3, 2024) (holding that courts have the authority to require disclosure of exhibits in advance of trial); *United States v. W.R. Grace*, 526 F.3d 499, 516 (9th Cir. 2008) ("[T]he district court ha[s] authority to order and enforce the pretrial disclosures of government witnesses and evidentiary documents[.]"). That is not necessary here, as the Government agreed at the Hearing to provide, in good faith, a list of trial exhibits for its case-in-chief by August 27, 2025.[1] It is understood by all parties that the Government is free to make changes to its exhibit list after disclosure, as it deems appropriate.

---

[1] The Court has no reason to believe that the Government has failed to comply with its representation.

In view of the foregoing, the Court will deny Defendant's request for relief pursuant to Rule 12(b)(4)(B), and will otherwise deny as moot Defendant's request for an exhibit list from the Government in advance of trial because the Government has agreed to provide what Defendant seeks in his Motion.

## ORDER

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant Enock Cole's "Motion for Order Requiring the Government to Comply with Rule 12(b)(4)" (Dkt. No. 189) is **DENIED**; and it is further

**ORDERED** that the Government shall comply with their representation to provide, in good faith, Defendants Enock Cole and Jiovoni Smith with a list of trial exhibits for its case-in-chief, by August 27, 2025;[2] and it is further

**ORDERED** that the Government may make changes to its exhibit list following disclosure as it deems appropriate.

**SO ORDERED.**

Dated: September 2, 2025              _____/s/_____
                                       WILMA A. LEWIS
                                       Senior District Judge

---

[2] As noted previously, the Court has no reason to believe that the Government has failed to comply with its representation.