DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2023-cr-0016 |
| ) | |
| ENOCK COLE and JIOVONI SMITH, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
**Denise George, Esq.**
St. Thomas, U.S.V.I.
   *For the United States*

**Raul E. Bandas, Esq.**
**Jessica Earl, Esq.**
**Celso Perez, Esq.**
San Juan, P.R.
**Gary Proctor, Esq.**
Baltimore, MD
   *For Defendant Cole*

**Juan F. Matos-de Juan, Esq.**
San Juan, P.R.
**Teri L. Thompson, Esq.**
Snellville, GA
   *For Defendant Smith*

## MEMORANDUM OPINION AND ORDER

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Defendant Enock Cole's ("Defendant") "Motion to Compel Government Notice of Expert Witnesses *By August 6, 2025*" ("Motion") (Dkt. No. 190); the Government's "Notice of Response to Motion to Compel Government's Notice of Expert Witnesses by August 6, 2025" ("Notice") (Dkt. No. 200); and the oral arguments heard at

the Hearing on August 13, 2025.  This Memorandum Opinion and Order memorializes rulings from the bench at the August 13th Hearing.

In his Motion, Defendant requests that the Court "compel the government to file its notice of expert witnesses no later than close of business on August 6, 2025." (Dkt. No. 190 at 4).  The Government responded in its Notice that it "does not object to providing expert witness disclosure under Rule 16 but objects to the defendant requesting an order from the Court setting a time to disclose before attempting to set a date for disclosure with the government." (Dkt. No. 200 at 1).

Because Rule 16(g) of the Federal Rules of Criminal Procedure only provides for disclosure of expert witnesses by the Government "[a]t defendant's request," it is proper for Defendant to first request such disclosure from the Government rather than the Court.  Fed. R. Crim. P. 16(g)(i).  Typically, it would then fall to the Court to set a deadline for such a disclosure after a request is made.  Fed. R. Crim. P. 16(g)(ii) ("The court, by order or local rule, must set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence.").  However, the Government appears to have already complied with their obligations under Rule 16(g).  The Government states in its Notice that it filed a "Notice of Intent to Introduce the Testimony of Francisco Landron, M.D." (Dkt. No. 119) on March 14, 2025, and provided Defendant with a "Notice of Expert [T]estimony" as to Christopher Adam Goodrich on August 4, 2025.[1] (Dkt. No. 200 at 1).  Accordingly, the Court will deny as moot Defendant's Motion as the Government has provided the requested expert disclosures.[2]

---

[1] The Government did not file this latter Notice of Expert Testimony on the docket.

[2] The parties agreed during the Hearing that the instant Motion has been rendered moot by the Government's response.

## **ORDER**

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant Enock Cole's "Motion to Compel Government Notice of Expert Witnesses *By August 6, 2025*" (Dkt. No. 190) is **DENIED AS MOOT**.

**SO ORDERED.**

Dated: September 2, 2025 _____/s/_____
WILMA A. LEWIS
Senior District Judge