**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2023-cr-0016 |
| ) | |
| ENOCK COLE and JIOVONI SMITH, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
**Denise George, Esq.**
St. Thomas, U.S.V.I.
  *For the United States*

**Raul E. Bandas, Esq.**
**Jessica Earl, Esq.**
**Celso Perez, Esq.**
San Juan, P.R.
**Gary Proctor, Esq.**
Baltimore, MD
  *For Defendant Cole*

**Juan F. Matos-de Juan, Esq.**
San Juan, P.R.
**Teri L. Thompson, Esq.**
Snellville, GA
  *For Defendant Smith*

## MEMORANDUM OPINION AND ORDER

**Lewis, Senior District Judge**

**THIS MATTER** comes before the Court on Defendant Enock Cole's ("Defendant") "Motion Requesting Order Regarding Jury Selection" ("Motion") (Dkt. No. 194); the Government's "Notice of Response to Defendant's Motion Requesting Order Regarding Jury Selection" ("Response") (Dkt. No. 208); and the oral arguments at the Hearing held on August 13,

2025. This Memorandum Opinion and Order memorializes rulings from the bench at the August 13th Hearing.

In his Motion, Defendant makes three requests of the Court: (1) to "allow early disclosure of the panel list on Wednesday, September 3, 2025, three working days prior to the start of trial"; (2) "permit each side in this case a reasonable time for attorney conducted voir dire as a complement, and in addition to, the Court's voir dire" and (3) to "permit the jury pool to fill out a questionnaire with the parties' voir dire questions upon arrival to the courthouse and permit the parties access to these questionnaires prior to the start of trial." (Dkt. No. 194 at 1-2). The Government joins Defendant's request for early disclosure of the list of potential jurors in the panel. (Dkt. No. 208 at 1). However, with regard to the other requests to modify the Court's *voir dire* process, the Government states that "there is no need for the Court to change the process as it currently stands." *Id.* at 2.

As discussed at the Hearing, the Court has encountered no issues with the procedures it has followed while conducting *voir dire* in the past. Accordingly, the Court sees no need for attorney-conducted *voir dire* or jury questionnaires. The Court's procedures provide sufficient opportunity for counsel to contribute to the *voir dire* process. Accordingly, the Court will deny Defendant's requests for juror questionnaires and attorney-conducted *voir dire*.

The Court is, however, amenable to early disclosure of the list of potential jurors in the panel. As discussed at the Hearing and memorialized on August 25, 2025, the Court ordered that counsel for the parties and/or their representative(s) may examine, in the District Court Clerk's Office—on September 3, September 4, and September 5, 2025 between the hours of 8:30 a.m. and 5:00 p.m.—the Bio Form Information Sheets ("Bio Forms") for each member of the jury panel

who will be called for the September 8, 2025 trial in this matter. (Dkt. No. 255 at 3). That Order remains in place.

## ORDER

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant Enock Cole's "Motion Requesting Order Regarding Jury Selection" (Dkt. No. 194) is **GRANTED IN PART** and **DENIED IN PART**; and it is further.

**ORDERED** that counsel for the parties and/or their representative(s) may examine, in the District Court Clerk's Office, the Bio Form Information Sheets ("Bio Forms") for each member of the jury panel who will be called for the September 8, 2025 trial in this matter; and it is further

**ORDERED** that such examination of the Bio Forms is permitted to take place on **September 3, 2025**, **September 4, 2025** and **September 5, 2025** between the hours of **8:30 a.m.** and **5:00 p.m.**; and it is further

**ORDERED** that counsel for the parties and/or their representative(s) may take notes of the information on the Bio Forms, but may not copy them nor remove the forms from the Clerk's Office; and it is further

**ORDERED** that the Court will not permit attorney-conducted *voir dire*; and it is further

**ORDERED** that the Court will not utilize a juror questionnaire during *voir dire*.

**SO ORDERED.**

Dated: September 2, 2025 _____/s/_____
                                                              WILMA A. LEWIS
                                                              Senior District Judge