DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>ENOCK COLE and JIOVONI SMITH, )<br>)<br>**Defendants.**    )<br>_____ ) | Criminal No. 2023-cr-0016 |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
**Denise George, Esq.**
St. Thomas, U.S.V.I.
    *For the United States*

**Raul E. Bandas, Esq.**
**Jessica Earl, Esq.**
**Celso Perez, Esq.**
San Juan, P.R.
**Gary Proctor, Esq.**
Baltimore, MD
    *For Defendant Cole*

**Juan F. Matos-de Juan, Esq.**
San Juan, P.R.
**Teri L. Thompson, Esq.**
Snellville, GA
    *For Defendant Smith*

## MEMORANDUM OPINION AND ORDER

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Defendant Enock Cole's ("Defendant") "Motion for Early Production of Jencks and Giglio Material" ("Motion") (Dkt. No. 192); the Government's "Notice of Response to Motion for Early Production of Jencks and Giglio Material" ("Response") (Dkt. No. 206); and oral arguments at the Hearing on August 13, 2025. This Memorandum Opinion and Order memorializes rulings from the bench at the August 13th Hearing.

In his Motion, Defendant makes three requests—namely that the Court:

1. "Order the government to produce, no later than close of business on August 25, 2025, any and all Jencks materials";
2. "Order the government to preserve and immediately produce all handwritten notes of interviews and rough drafts of reports of interviews prepared by any agent of the government (or the Virgin Islands Police Department) who has interviewed any witness in this case or Mr. Cole's Virgin Islands case(s)"; and
3. "Order the government to conduct a review of all materials it both intends and does not intend to provide the defense, including any grand jury testimony, memorandums of interviews with witnesses, agents' rough notes of interviews, and documents generated as part of any Virgin Islands case(s) against Mr. Cole, and immediately produce all materials required under *Brady*, *Giglio* and *Kyles*[.]"

(Dkt. No. 192 at 2).

## I.    JENCKS MATERIAL

### A.    Early Disclosure

Defendant cites "the plain language of the Jencks Act itself" as "evidenc[ing] a strong legislative policy that a defendant be supplied with ample, adequate, and meaningful opportunity to examine the subject material and prepare for its use at trial." *Id.* at 1. The Government responds that it has no obligation to provide Jencks material before the witness has testified; that Defendant is therefore not currently entitled to Jencks material; and the Court is "not authorized to order early disclosure [of Jencks material] in the absence of an agreement between the parties." (Dkt. No. 206 at 2 (citing *United States v. Pierce*, 2025 WL 934550 at *10 (W.D. Pa. Mar. 27, 2025)). The Government notes that it "has already provided some Jencks material and will continue to do so," and has agreed to provide grand jury transcripts closer to trial. *Id.*

It is well-settled that the Court does not have the authority to order the Government to disclose Jencks material prior to the timing outlined by the Jencks Acts—that is, prior to the conclusion of a witness' trial testimony. *See United States v. Maury*, 695 F.3d 227, 248 (3d Cir. 2012) ("[T]he government has no obligation to produce Jencks material until the witness has testified."); *United States v. Cheatham*, 500 F. Supp. 2d 528, 535 (W.D. Pa. 2007) ("[T]he Court

2

cannot compel disclosure of this material prior to the completion of a Government witness' direct testimony[.]"). Although counsel for Defendant suggested at the Hearing that he anecdotally has seen caselaw that has ordered early disclosure of Jencks, and alternatively that the Court could mandate such early disclosure through its inherent power, counsel for Defendant provided no such authorities, and the Third Circuit's position to the contrary is unmistakably clear. *See Maury*, 695 F.3d at 248; *United States v. Murphy*, 569 F.2d 771, 773 (3d Cir. 1978) ("[T]he Jencks Act flatly states that disclosure of prior statements by government witnesses may not be compelled 'until said witness has testified on direct examination in the trial of the case.' The blunt command of the statute together with the unequivocal legislative history has led to unbroken precedent in the Courts of Appeals denying to district courts the power to compel production of the statements of government witnesses until conclusion of direct examination at the trial.").

The Third Circuit has observed, however, that "[f]ortunately, there is a prevailing practice by government attorneys of delivering Jencks material to defense counsel sufficiently in advance of the conclusion of direct examination to obviate trial interruptions solely to permit defense counsel to study the disclosures. That is a salutary practice and we encourage it." *Murphy*, 569 F.2d at n.5. Indeed, Courts have ordered that the Government "is *encouraged* to disclose its Jencks Act material . . . prior to trial." *See, e.g.*, *United States v. Beech*, 307 F.R.D. 437, 444 (W.D. Pa. 2015) (emphasis added); *United States v. Feliciano*, 2025 WL 1993526 at *1 (W.D. Pa. July 17, 2025) (same).

Here, the Government has noted that it "has already provided some Jencks material and will continue to do so." (Dkt. No. 206 at 2). The Court encourages the Government to maintain its current practice. Accordingly, the Defendant's request for the Court to order early disclosure of Jencks material will be denied.

### B. Preservation of Handwritten Notes and Rough Drafts

Defendant notes that this case involves "an extensive investigative file from both local and federal authorities," and that he does not believe that he has received "all of the agents notes and documents related to the interviews, particularly grand jury transcripts." (Dkt. No. 192 at 2). The Government states that it will provide relevant grand jury transcripts "closer to trial." (Dkt. No. 206 at 2). The Government does not comment on agent interview notes in its briefing.

The Third Circuit has held that the "contemporaneous rough notes taken by a government agent of meetings, conversations, or interviews during the course of his or her investigation" should be kept and produced so that the trial court can determine whether the notes fall within *Brady* or Jencks. *United States v. Ammar*, 714 F.2d 238, 258-59 (3d Cir. 1983) (citing *United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977)); *see also United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994). This principle was later extended to require the preservation of rough drafts of agents' reports. *See, e.g.*, *Ammar*, 714 F.2d at 259; *Ramos*, 27 F.3d at 68. Courts entering such preservation orders have simultaneously required the Government to notify the defendant if such handwritten notes and agent reports have been destroyed. *See, e.g.*, *United States v. Slade*, 2025 WL 1742677 at *6 (W.D. Pa. June 24, 2025) (ordering the government to "identify any rough notes and writings of law enforcement officers that are unable to be found or were destroyed, and provide notice of such items to the defense"); *United States v. Anderson*, 2024 WL 3510258 at *3 (W.D. Pa. July 23, 2024) ("[T]he Government is directed to promptly notify the defense of any law enforcement notes related to this matter that are missing or that were destroyed, whether inadvertently or intentionally."). Such notification is necessary for the Court to determine if the destruction of such material constitutes a *Brady*, *Giglio*, or Jencks violation. *See Ramos*, 27 F.3d at 68-69 (considering, without deciding, what remedy would be appropriate for destroyed notes if

the notes contained *Brady* material but finding that defendants did "not raise[] a colorable claim that the destroyed notes contained exculpatory material that was material to their defense").

At the Hearing, the Government represented that at least one set of handwritten notes from a case agent had been destroyed, and that the Government had not yet inquired with a second case agent as to handwritten notes or draft reports. As the Government is aware of its preservation obligation, the Court sees no need for a preservation order—particularly at this late stage of the proceedings. However, in accordance with the applicable law, the Court will require the Government to produce any handwritten notes and drafts of such notes, as appropriate, pursuant to its *Brady*, *Giglio*, and Jencks obligations. The Court will also require the Government to provide notice to Defendants regarding any notes related to this matter that are missing or were destroyed, whether inadvertently or intentionally, including a description of the notes and the surrounding circumstances by **August 26, 2025**.[1]

C.  **Grand Jury Material**

A defendant is not entitled to Grand Jury material by default. For the Court to mandate disclosure of grand jury testimony, Defendant "must show a particularized need for [the] information which outweighs the public interest in secrecy." *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989). As discussed at the Hearing, Defendant has made no claim of particularized need for grand jury testimony. He merely states his belief that he does not currently have all documents related to agent interviews, including grand jury testimony. (Dkt. No. 192 at 2). Courts routinely deny requests for grand jury testimony premised on a generalized need for trial preparations. *See United States v. Yarbough*, 2025 WL 388918 at *2 (W.D. Pa. Feb. 4, 2025) (collecting cases).

---

[1] The Court has no reason to believe that the Government has failed to comply with this deadline.

It may be that Defendant will be entitled to review grand jury testimony of the Government's witnesses at trial under the Jencks Act. *See United States v. Jackson*, 363 F. App'x. 159, 161 (3d Cir. 2010) ("[Defendant] may have been entitled to review [the Government's witnesses'] grand jury testimony after they testified on direct examination at trial if their grand jury testimony was related to the subject matter of their trial testimony." (citing 18 U.S.C. § 3500(e); *United States v. Wong*, 78 F.3d 73, 83 (2d Cir.1996); *and United States v. Budzanoski*, 462 F.2d 443, 454 (3d Cir.1972))). However, as discussed above, Defendant is not entitled to such Jencks material at *this stage*. *See id.* The Government has acknowledged that it has not yet provided Grand Jury transcripts, but will do so closer to trial. (Dkt. No. 206 at 2). Accordingly, the Court will deny Defendant's request for a disclosure order for grand jury testimony.

## II.    IMMEDIATE PRODUCTION OF *BRADY* and *GIGLIO MATERIAL*

Defendant requests the Court to order the Government "to conduct a review of all materials it both intends and does not intend to provide the defense, including any grand jury testimony, memoranda of interviews with witnesses, agents' rough notes of interviews, and documents generated as part of any Virgin Islands case(s) against Mr. Cole, and immediately produce all materials required under *Brady*, *Giglio* and *Kyles*[.]" (Dkt. No. 192 at 2). Defendant notes that the Government has obligations under *Brady* to produce exculpatory material, under *Giglio* to produce material tending to impeach the character or testimony of a prosecution witness, and under *Kyles* to discover exculpatory evidence that may exist outside of the prosecutor's case file, and seek immediate production of all such material. *Id.* Defendant notes that "a potential due process violation may lurk in limited cases of delayed disclosure of *Brady*/*Giglio* material" and "[t]he opportunity for use under *Brady* is the opportunity for a reasonable lawyer to use the information

6

with some degree of calculation and forethought." *Id.* at 3 (citing *United States v. Munoz-Franco*, 113 F.Supp.2d 224, 227 (D.P.R. 2000), *and Leka v. Portuondo*, 257 F.3d 89, 103 (2nd Cir. 2001)).

The Government represents that it is "aware of its obligation" under *Brady* and *Giglio* and will comply with its disclosure requirements in a manner that ensures witness safety, and that it will address the safety issue with the Court "in a separate filing." (Dkt. No. 206 at 3).[2] The Government further objects to the date proposed by Defendant for disclosure of *Giglio* material on the basis of witness safety. *Id.* The Government indicated during the Hearing that it would file its planned *ex parte* filing within the week of the Hearing.[3] The Government also represented that it has fully complied with its *Brady* obligation, aside from the issue that it plans to address in its *ex parte* filing.

Under *Brady v. Maryland*, the Government must disclose "evidence favorable to an accused" individual when it is "material either to guilt or to punishment." 373 U.S. 83, 87 (1963). Evidence is "material" when there is a "reasonable probability" that, "had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Maury*, 695 F.3d at 249; *see also Kyles v. Whitley*, 514 U.S. 419, 433 (1995) (same). Reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In evaluating materiality, a court must weigh the "cumulative effect of the undisclosed evidence." *United States v. Maurizio*, 701 F. App'x. 129, 134 (3d Cir. 2017) (citing *Kyles*, 514 U.S. at 436-37). The Government's responsibility under *Brady* includes "a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case,

---

[2] The Court notes that at Defendant Cole's arraignment on March 11, 2024, Magistrate Judge Henderson set a discovery date of March 18, 2024. Also on March 11, 2024, Magistrate Judge Henderson ordered the Government to produce all *Brady* material to Defendant "in a timely manner." (Dkt. No. 49).

[3] The Government complied with its representation.

7

including the police." *Kyles*, 514 U.S. at 437. Defendant Cole has cited no authority for the proposition that the *Kyles* requirement extends to all of "Mr. Cole's Virgin Islands cases."

In the Third Circuit, district courts may, within its discretion, order early disclosure of *Brady* material to "ensure the effective administration of the criminal justice system." *United States v. Higgs*, 713 F.2d 39, n.6 (3d Cir. 1983). The Third Circuit has a "longstanding policy of encouraging early production." *United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984).

Prosecutors are also obligated to produce *Giglio* material, which is "evidence that goes to the credibility of crucial prosecution witnesses." *Maury*, 695 F.3d at 249. *Giglio* material is a subset of *Brady* material that encompasses "evidence about a witness's credibility or motivation to testify" where "the reliability of a given witness may well be determinative of guilt or innocence." *Id.* (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). Thus, under *Giglio*, the Government must disclose "'information that [the defendant] could use on cross-examination to challenge the credibility of government witnesses" at least on "the day that the witness testifies." *United States v. Bashir*, 738 F. App'x. 743, 749 (3d Cir. 2018) (noting that under *Higgs*, the standard is whether the material is disclosed "in time for its effective use at trial").

Requirements, such as *Brady* and *Giglio* "establish a floor, not a ceiling," and a court may "in the exercise of its discretion, set earlier disclosure deadlines 'to ensure the effective administration of the criminal justice system.'" *United States v. Coles*, 511 F.Supp.3d 566, 577 (M.D. Pa. 2021) (citing *Starusko*, 729 F.2d at 261); *see also United States v. Calloway*, 2022 WL 897911 at \*2 (W.D. Pa. Mar. 28, 2022) ("The Government shall disclose all Brady/Giglio impeachment material in accordance with the deadline to be set in the forthcoming jury trial order[.]"). Thus, "[t]he district court may dictate by court order when *Brady* material must be disclosed, and absent an abuse of discretion, the government must abide by that order." *Starusko*,

8

729 F.2d at 261; *see also Coles*, 511 F.Supp.3d at 577 ("Consistent with our prior orders, we will direct the government to immediately produce any *Brady* material in its actual or constructive possession, or in the actual or constructive possession of its agents, to the defendants."). *Giglio* material may be similarly ordered to be produced on an accelerated timeline, and may be particularly appropriate when "the government's case-in-chief will rely in large part on testimony of cooperating witnesses and informants." *Coles*, 511 F.Supp.3d at 578.

As the Government has represented that it has complied with its *Brady* obligations and represents that it will comply with its *Giglio* obligations in a manner that ensures witness safety at this time, the Court deems the issues moot. The Court will however, order the Government to comply with its representation that it will make its *ex parte* filing by the end of the day on August 15, 2025.[4]

## ORDER

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant Enock Cole's "Motion for Early Production of Jencks and Giglio Material" (Dkt. No. 192) is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that Defendant's request to require the Government to produce Jencks material by a date certain in advance of the witness' testimony is **DENIED**; and it is further

**ORDERED** that the Government is encouraged to continue to produce Jencks material to Defendants Enock Cole and Jiovoni Smith as early as practicable, but prior to the witness' testimony; and it is further

**ORDERED** that Defendant's request to require the Government to produce *Brady* and

---

[4] The Government complied accordingly.

*Giglio* material is **DENIED AS MOOT**; and it is further

**ORDERED** that the Government shall produce any handwritten notes and/or rough drafts of interview reports pursuant to its *Brady*, *Giglio*, and Jencks obligations; and it is further

**ORDERED** that Defendant's request to produce documents in the possession of others is **GRANTED** to the extent that the Government shall produce favorable evidence known to others acting on the Government's behalf in this case in accordance with *Kyles v. Whitley*, 514 U.S. 419 (1995), but otherwise **DENIED**; and it is further

**ORDERED** that the Government shall have up to and including **August 15, 2025** to make it *ex parte* filing related to the witness safety issue stemming from any undisclosed *Brady/Giglio* material[5]; and it is further

**ORDERED** that the Government shall have up to and including **August 26, 2025**, pursuant to its preservation obligations, to identify any handwritten interview notes and/or rough drafts of interview reports by law enforcement officers related to this matter that are unable to be found or were destroyed, whether inadvertently or intentionally, including a description of the notes and the surrounding circumstances, and provide notice of such items to Defendants Enock Cole and Jiovoni Smith.[6]

**SO ORDERED.**

Dated: September 2, 2025　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　WILMA A. LEWIS
　　　　　　　　　　　　　　　　　　　Senior District Judge

---

[5] As noted, the Government has complied with this aspect of the Court's Order.

[6] The Court has no reason to believe that the Government has failed to comply with this deadline.