**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2023-cr-0016 |
| ) | |
| ENOCK COLE and JIOVONI SMITH, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
**Denise George, Esq.**
St. Thomas, U.S.V.I.
 *For the United States*

**Raul E. Bandas, Esq.**
**Jessica Earl, Esq.**
**Celso Perez, Esq.**
San Juan, P.R.
**Gary Proctor, Esq.**
Baltimore, MD
 *For Defendant Enock Cole*

**Juan F. Matos-de Juan, Esq.**
San Juan, P.R.
**Teri L. Thompson, Esq.**
Snellville, GA
 *For Defendant Jiovoni Smith*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Enock Cole's ("Defendant Cole") "Motion in Limine to Compel the Government to Identify Witnesses with Juvenile Adjudications and Pending Juvenile Proceedings and to Produce the Same to the Defense" (Dkt. No. 193) ("Motion"); the United States' Response thereto (Dkt. No. 204); and the United States' "Notice to Court re Duty to Search" (Dkt. No. 258). For the reasons discussed below, the Court will grant the Motion.

## I.    BACKGROUND

On January 23, 2024, an Indictment in the instant matter charged Defendant Cole with six counts in connection with an incident which took place on November 14, 2018. (Dkt. No. 8 at 1).[1] The Indictment alleges that on November 14, 2018, Defendant and co-defendant Jiovoni Smith ("Defendant Smith"), along with an unindicted minor co-conspirator, entered Castaways, a restaurant and bar located in Estate Solitude, St. Croix, U.S. Virgin Islands. *Id*. The Indictment further alleges that Defendants Cole and Smith held a Castaways' employee at gunpoint, forcing him to open the cash register and remove the money inside. *Id*. In the course of this robbery, it is alleged that Defendants Cole and Smith shot and killed a patron of the restaurant, Mr. Derrick Cribb ("Cribb"). *Id*. at 8. Defendant Cole denies these allegations and has entered a plea of not guilty to all six counts. (Dkt. No. 47 at 1; Dkt. No. 91 at 2).

On June 20, 2025, Defendant Cole filed the instant Motion acknowledging that he was charged with the use of a minor in a crime of violence, and asserting that he expects that "said minor (now of age)" will testify as one of the Government's "star witnesses." Defendant Cole stated that he "has good faith reason to believe that the minor has prior juvenile adjudications, pending juvenile cases, and/or other criminal matters." (Dkt. No. 193 at 2-3). Therefore, Defendant Cole requests, pursuant to Fed. R. Evid. 609(d), that the Court "order the [G]overnment to identify witnesses with juvenile adjudications and pending juvenile proceedings and to produce them to the defense." *Id*. at 3. The Government responded: (1) that Defendant Cole has not shown that the

---

[1] Defendant is charged with violating the following federal and local laws: Count One: Title 18 U.S.C. § 1951(a) - Interference with Commerce by Robbery; Count Two: Title 18 U.S.C. § 924(c)(1)(A) - Discharge of a Firearm During and in Relation to a Crime of Violence; Count Three: Title 18 U.S.C. § 924(j)(1) - Use of Firearm During a Crime of Violence Resulting in Death; Count Four: Title 18 U.S.C. § 25 - Use of a Minor in a Crime of Violence; Count Six: Title 14 V.I.C. § 922(a)(1) and § 923 - First Degree Murder; and Count 7: Title 14 V.I.C. § 922(a)(2) and § 923 - First Degree Murder. (Dkt. No. 8).

2

witness' potential juvenile adjudication is necessary to determine his guilt or innocence and (2) that "the discovery the defendant seeks is not in the Government's possession," essentially making Defendant Cole's request a request for a subpoena pursuant to Fed. R. Crim. P. 17(c), for which Defendant Cole has not met the relevant standard.

At oral argument on August 13, 2025, counsel for Defendant Cole provided further background to the Motion, asserting that a statement—from a witness cooperating with the Government—had been produced during discovery in which the witness indicated that he had spent time in rehabilitation at the Virgin Islands Youth Rehabilitation Center. The Youth Rehabilitation Center is "the only secured facility in the territory where minors are detained for violating Virgin Islands laws."[2] Therefore, Defendant Cole asserts that this witness must have been convicted as a juvenile of some legal violation, but that Defendant Cole had no ability to obtain the records of this violation as juvenile adjudications are not public. Because any such records could be impeachment material, Defendant Cole requests that the Government exercise due diligence to procure these records, and provide them to Defendant Cole.

The Government responded at oral argument that it was not opposed to Defendant Cole receiving the juvenile records of its witness, but that these records were not currently in the Government's possession, and the Government was under the general impression that a subpoena would be necessary for the Government to obtain them. In response to the Court's further inquires, the Government agreed that it would inquire into the process for obtaining these records, and would file a notice informing the Court of such. Therefore, the Court entered an Order requiring the Government to file a notice with the Court that it had either provided the juvenile records of its

---

[2] U.S. Virgin Islands Department of Human Services, Division of Intervention and Prevention Services, *About Us*., https://dhs.vi.gov/division-of-intervention-prevention-services/ (last visited September 4, 2025).

witness to the Defense, or that it was unable to obtain these records through routine investigation of government agencies and databases. (Dkt. No. 255 at 2).

On August 26, 2025, the Government filed a notice informing the Court that it had misspoken at the August 13, 2025 hearing, and that the Government was in fact in possession of "a juvenile complaint and an adjudication." (Dkt. No. 258 at 1). The Government has since provided these two documents to Defendants. *Id*. at 2. Further, the Government asserted that it had contacted the Family Division of the Superior Court of the Virgin Islands, which provided instructions for how the Government could request juvenile records. *Id*. at 1. The Government complied with these instructions. *Id*. at 1-2. At the pre-trial conference held on September 3, 2025, the Government informed the Court and Defendants that it was in possession of additional documentation pertaining to the juvenile adjudications of its witness that was provided the previous day by the Superior Court. The Government informed the Court and Defendants that it would review the records, and provide the relevant documents to Defendants by the following day.

## II. APPLICABLE LEGAL PRINCIPLES

*Brady* evidence, including impeachment evidence pertaining to a Government witness, such as that witness' prior criminal history, must be produced to the defense. *Hollman v. Wilson*, 158 F.3d 177, 180 (3d Cir. 1998) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). Even in circumstances where the Government is not already in possession of evidence of a witness' criminal history, the Third Circuit, and other circuits, have found that the Government has a duty to search accessible files to find requested material which may be exculpatory of the defendant. *Id*. at 181 (citing *United States v. Brooks,* 966 F.2d 1500, 1502-03 (D.C.Cir.1992); *Carey v. Duckworth,* 738 F.2d 875, 878 (7th Cir.1984); *United States v. Auten,* 632 F.2d 478, 481 (5th Cir.1980)). This "duty to search" is meant to deter the Government "from intentionally keeping

4

itself ignorant of information useful to the defense." *Id*. However, where the Government "has diligently searched," and yet has been unable to discover a witness' prior criminal history, and therefore not disclosed it to the defense, no *Brady* violation has occurred. *Id*. "[D]iligently searched" has been interpreted to require the Government to perform a search of information that is "readily available through routine investigation of other government agencies or databases." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1258 (D.N.M. 2008).

Fed. R. Evid. 609(d) provides that evidence of a juvenile adjudication may be used as impeachment evidence if:

> **(1)** it is offered in a criminal case;
> **(2)** the adjudication was of a witness other than the defendant;
> **(3)** an adult's conviction for that offense would be admissible to attack the adult's credibility; and
> **(4)** admitting the evidence is necessary to fairly determine guilt or innocence.

### III. DISCUSSION

It is undisputed that a juvenile adjudication meeting the Fed. R. Evid. 609(d) standard may be admitted as impeachment evidence. The Government does not oppose producing records pertaining to juvenile adjudications that are in its possession and that meet the Fed. R. Evid. 609(d) standard. The issue at the heart of this Motion, however, is whether the Government has a duty to affirmatively seek out the juvenile adjudication records of one of its witnesses. It is clear from *Hollman* that the Government must conduct a search for any information regarding past or present juvenile adjudications of its witnesses which could be used for the impeachment of that witness, and that once such information is in the Government's possession it must be produced to Defendants as *Brady* material. *Hollman v. Wilson*, 158 F.3d at 181.

The Government represents that it has now fulfilled its "duty to search" by completing a search of its own records for documents pertaining to its witness' juvenile adjudications, providing

these documents to Defendants, and obtaining additional documents from the Superior Court of the Virgin Islands.[3] (Dkt. No. 258).

## IV. CONCLUSION

The Court will order the Government to provide to Defendants any records of juvenile adjudications currently in its possession, or which it obtains as a result of its search, which constitute *Brady* material.

## ORDER

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant Cole's "Motion in Limine to Compel the Government to Identify Witnesses with Juvenile Adjudications and Pending Juvenile Proceedings and to Produce the Same to the Defense" (Dkt. No. 193) is **GRANTED;** and it is further

**ORDERED** that the Government must disclose to Defendants any records of juvenile adjudications currently in its possession, or which it obtains as a result of its search, which constitute *Brady* material.[4]

Dated: September 7, 2025

/s/
WILMA A. LEWIS
Senior District Judge

---

[3] No subpoena was needed for the Government to obtain these records. Thus, the Court does not reach the issue of whether the standard for a Fed. R. Crim. P. 17(c) subpoena has been met.

[4] The Court takes note that the Government has already fulfilled its obligation to search by contacting the Superior Court to obtain these records. (Dkt. No. 258).